BAKER, (HYDE v.) See Case No. 6,965.

BAKER, (JACKSON v.) See Cases Nos. 7,-129 and 7,130.

2FED.CAS.—30

## Case No. 772.

### BAKER v. JEFFERS et al.

[4 Cranch, C. C. 707.] [1]

Circuit Court, District of Columbia. March Term, 1836.

LANDLORD AND TENANT—DISTRESS FOR RENT—APPORTIONMENT.

If the landlord evict the tenant from part of the premises, he cannot distrain for the rent. If he is entitled to an apportionment of the rent he may maintain an action for use and occupation; but if he is not entitled to an apportionment of the rent, he has no remedy.

Replevin [by Thomas Baker against Jeffers and Gideon.] Cognizance as bailiffs of Mrs. McGunnigle for rent-arrear; plea, an eviction by the landlady of a ten pin alley.

R. J. Brent, for the plaintiff, prayed the court to instruct the jury, in effect, that an eviction from a part of the premises suspends the payment of the rent. 1 Tuck. Bl. Comm. 27; 1 Saund. 204, note 7.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury that if they should be satisfied by the evidence that the landlady, Mrs. McGunnigle, evicted the plaintiff from a part of the demised premises, she cannot recover in this action; because, if, at the time of the distress she was only entitled to an apportionment of the rent, and not to the whole rent, she had no right to distrain, but must resort to her action for use and occupation; and if it was not a case in which she was entitled to an apportionment, she cannot recover in any form of action.

Verdict for the plaintiff, and $50 damages.